Case 5:25-cv-00817-XR   Document 23   Filed 07/29/25   Page 1 of 20   **FILED**
July 29, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
DEPUTY

Date: July 29, 2025

Donna: Mortel
**Care of:** 1308 East Common Street suite #205
New Braunfels, Texas [78130]
*non-domestic without* the United States
Email: donnamortel8560@gmail.com

*Plaintiff, Real Party In Interest, Secured Party, Injured Party*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Donna: Mortel,**<br>　　*Plaintiff/Injured Party,*<br>　*vs.*<br>**George Nowicki, Scott McClung**,<br>　　*Defendants.* | Case No. 5:25-cv-00817-XR<br><br>**VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS**<br><br>(SPECIAL LIMITED APPEARANCE — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED) |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

This matter is brought in **equity**, under the original and exclusive jurisdiction of this Court as authorized by the Constitution of the United States, Article III, Section 2. All statutory jurisdiction is expressly denied and rebutted. This is a Court of Record. All rights are reserved without prejudice pursuant to UCC 1-308.

**COMES NOW** Donna: Mortel, in her full private capacity as an American woman and **Plaintiff, Real Party in Interest**, and **Injured Party**, proceeding *sui juris,* **in propria persona**, in full proper and private capacity, and **not pro se,** by *Special Limited Appearance* **only,** not as a corporate entity, surety, vessel, trust,

Page 1 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

transmitting utility, "resident," or U.S. citizen under the 14th Amendment. No joinder, merger, or assumption of liability is acknowledged, and all agency is denied unless explicitly granted.

Plaintiff, Real Party in Interest, and Injured Party, and hereby issues this **VERIFIED MOTION AND DEMAND TO VACATE** the **VOID TEXT ORDER** entered July 29, 2025, which purports to (1) grant dismissal under Rule 12(b)(5), (2) deny subject-matter jurisdiction under Rule 12(b)(1) as "moot," and (3) dismiss the case under Rule 41(b). The Order is **legally impossible**, **procedurally defective**, **jurisdictionally void ab initio**, and **infected with judicial fraud, collusion, and denial of due process**.

Every act stated in the Order is **void on its face**, not merely voidable, as this Court lacked jurisdiction, refused to adjudicate unrebutted verified filings, and instead acted to protect known bad actors via sua sponte procedural sabotage.

## I. TEXT ORDER IS VOID FOR LACK OF SUBJECT-MATTER JURISDICTION AND CONSTITUTES JUDICIAL FRAUD

1. This Court never acquired lawful subject-matter jurisdiction under Article III of the Constitution or under 28 U.S.C. §§ 1331 or 1332. The jurisdictional challenge raised under Rule 12(b)(1) was:

    - **Deliberately avoided**, not adjudicated;
    - **Falsely labeled "MOOT"** without any findings, reasoning, or ruling on the record;
    - **Subordinated to a procedurally irrelevant Rule 12(b)(5) service argument**, in direct contravention of binding precedent.

2. This constitutes a textbook **jurisdictional defect** and renders every action taken thereafter — including the Rule 41(b) dismissal — **legally void ab initio**.

Date: July 29, 2025

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."
>
> — *Ex parte McCardle*, 74 U.S. 506, 514 (1868)
>
> "Subject-matter jurisdiction can never be forfeited or waived and must be considered before any other issue."
>
> — *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998)
>
> "A court that proceeds to judgment without jurisdiction over the subject matter renders a void judgment which is a legal nullity from inception."
>
> — *Capron v. Van Noorden*, 6 U.S. 126 (1804)

3. The Court's refusal to adjudicate subject-matter jurisdiction **while simultaneously issuing dispositive rulings** on unrelated service claims is not merely error — it is **fraud upon the court**, **judicial misconduct**, and a **concealment of ultra vires acts under color of law**.

4. A ruling is **not moot if never ruled upon**. Calling a live jurisdictional objection "moot" in order to sidestep it — while falsely asserting authority to dismiss under Rule 41(b) — is a violation of the judicial oath, an abuse of discretion, and grounds for immediate vacatur and mandamus.

5. This void order **must** be vacated as a matter of law. The Court lacked any authority to proceed, and its continued refusal to address unrebutted jurisdictional objections only deepens the fraud and multiplies the injury.

## II. RULE 12(b)(5) DISMISSAL IS VOID BASED ON UNSWORN, FRAUDULENT ASSERTIONS CONTRADICTED BY VERIFIED RECORD

The Court's purported reliance on Rule 12(b)(5) to grant dismissal is void, as it is **unsupported by any admissible evidence** and **contradicted by the verified record**. The only material relied upon was **unsworn, conclusory statements by**

Page 3 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

**defense counsel**, which are **not evidence**, cannot rebut verified affidavits, and cannot sustain any dispositive ruling under the Federal Rules of Civil Procedure. Plaintiff submitted:

- **VERIFIED NOTICE OF PROOF OF SERVICE AND CONSENT TO SUBSTITUTED SERVICE** [Dkt. 8]
- **VERIFIED NOTICE OF DISHONOR AND TACIT ADMISSION** [Dkt. 7]
- **VERIFIED MOTION AND DEMAND TO STRIKE** [Dkt. 9]

These filings document:

- Explicit **consent to substituted service** by Defendants through their own counsel.
- Verified proof of **receipt and waiver** via electronic transmission, under FRCP 5(b)(2)(E).
- Repeated, willful failure by Defendants to rebut service or deny receipt — constituting **tacit admission** and **waiver under Rule 12(h)(1)(B)**.

"Waiver of service under Rule 4(d) and actual notice through communication with counsel satisfy service obligations, especially where no prejudice is shown."

— *Lisson v. O'Hare*, 326 F. App'x 265, 267 (**5th Cir.** 2009)

"An attorney's acknowledgment of receipt of documents on behalf of a party, coupled with failure to contest service, constitutes waiver of objection under Rule 12(h)(1)."

— *Thrasher v. City of Amarillo*, 709 F.3d 509, 511–12 (**5th Cir.** 2013)

The Court ignored these unrebutted and verified facts, and instead issued an order **based solely on defense counsel's unverified assertions**, which are neither competent evidence nor sufficient to overcome verified affidavits filed

Page 4 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

under penalty of perjury. This is a blatant violation of due process and a **willful abuse of judicial discretion**.

Moreover, the dismissal order was entered **without an evidentiary hearing**, **without findings of fact**, and **without any ruling on the verified Motion to Strike (Dkt. 9)** — which specifically demanded sanctions for procedural fraud and false declarations by counsel.

The Court's ruling is therefore **legally void** for:

- Lack of evidentiary foundation;
- Denial of an opportunity to contest or rebut in a meaningful forum;
- Violation of mandatory procedures under FRCP 4, 5, and 12;
- **Reliance on hearsay, false representation, and procedural fraud** in disregard of binding Fifth Circuit authority.

**This is not harmless error. It is judicial misconduct and an ultra vires act that must be vacated immediately.**

## III. RULE 41(b) DISMISSAL IS VOID, RETALIATORY, AND PROCEDURALLY IMPOSSIBLE

The Court's sua sponte invocation of **Rule 41(b)** — alleging "failure to prosecute" and "failure to comply with a court order" — is not only **factually baseless**, but **procedurally impossible** under binding **Fifth Circuit** authority. It constitutes judicial retaliation and obstruction in direct violation of Plaintiff's verified filings, due process rights, and equitable standing.

### 1. Rule 41(b) Requires Willful, Prolonged, Inexcusable Delay — None Exists

> "A dismissal with prejudice is appropriate only where there is a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the interests of justice."
>
> — *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (**5th Cir.** 2006)

Date: July 29, 2025

> "Delay caused by the court or opposing party does not support dismissal for failure to prosecute."
>
> — *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (**5th Cir.** 1988)

Here, Plaintiff:

- Filed over **twenty verified documents**, including affidavits, evidentiary notices, and dispositive motions
- Properly challenged the hearing under **VERIFIED NON-CONSENT** [Dkt. 19]
- Issued a formal, verified **SUPPLEMENTAL NOTICE TO VACATE VOID HEARING** [Dkt. 20]
- Was under **no valid or enforceable court order to appear** at a hearing Plaintiff lawfully objected to under procedural and equitable grounds

The record shows **hyperactive prosecution**, not delay. **No clear record of delay or defiance** exists, as required by the Fifth Circuit to invoke Rule 41(b). Any contrary finding is pure fiction, unsupported by findings of fact or law.

## 2. Dismissal for "Failure to Comply with a Court Order" is Fabricated

There was **no lawful court order** compelling personal appearance — and even if such an order were issued, Plaintiff timely and lawfully objected, reserving all rights and placing the hearing under **verified protest and non-consent**.

> "A court may not dismiss under Rule 41(b) without (1) clear notice that such dismissal is imminent, and (2) a reasonable opportunity to be heard."
>
> — *Lozano v. Bosdet*, 693 F.3d 485, 489 (**5th Cir.** 2012)

Plaintiff received **no notice** of potential dismissal under Rule 41(b), no due process opportunity to rebut, and no valid adjudication of jurisdiction. The record is void of any prior warning, findings, or opportunity to cure. This alone renders the dismissal **reversible error**.

Date: July 29, 2025

### 3. The Dismissal is Judicial Retaliation and Fraud Upon the Court

To dismiss a case for "failure to prosecute" while Plaintiff is:

- Actively prosecuting the case,
- Exposing fraud and commercial dishonor,
- Filing verified affidavits under penalty of perjury,
- Seeking summary judgment based on unrebutted facts,

…is an **abuse of discretion**, a denial of due process, and a textbook case of judicial fraud under color of law.

> "Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public."
> — *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)
>
> "Fraud upon the court… strikes at the very integrity of the judicial process. The inherent power of a federal court to vacate its own judgment for fraud upon the court is unquestionable."
> — *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (**5th Cir.** 1996)

The Court acted in concert with unrebutted fraud, ignored every verified filing, and punished Plaintiff for lawful objection and rightful insistence on jurisdiction, service, and equity. Such conduct cannot be excused as mere error — it is **fraud upon the court**, and this void dismissal must be vacated immediately with sanctions against all responsible officers.

### IV. COURT WILLFULLY REFUSED TO RULE ON UNREBUTTED MOTIONS AND EQUITY DEMAND — VIOLATING CONTROLLING LAW

The dishonorable Judge Xavier Rodriguez **deliberately ignored** multiple **dispositive, verified, unrebutted** motions, and in doing so, committed judicial fraud, deprived Plaintiff of due process, and obliterated the integrity of the proceeding.

Date: July 29, 2025

The Court failed to rule on:

- **VERIFIED MOTION FOR SUMMARY JUDGMENT IN EQUITY** [Dkt. 17]
- **VERIFIED EMERGENCY MOTION TO VACATE VOID HEARING** [Dkt. 16]
- **VERIFIED MOTION TO STRIKE DEFENDANTS' FRAUDULENT FILING** [Dkt. 9]

Not **one ruling** was issued. Instead, the Court sidestepped every equity-based filing, every affidavit under penalty of perjury, and every uncontested material fact — then issued a **fraudulent Rule 41(b) dismissal** grounded on false pretenses and hearsay.

This is **not mere error** — it is **intentional suppression of equity**, obstruction of justice, and a manifest abuse of power.

# 1. Unrebutted Filings Must Be Ruled Upon — Silence Is Procedural and Constitutional Fraud

> "Where no counter-affidavits are filed and no issues of fact remain, summary judgment is not merely appropriate — it is **mandatory**."
> — *James v. Sadler*, 909 F.2d 834, 837 (**5th Cir.** 1990)

> "The court may not disregard affidavits that are uncontroverted and supported by competent evidence."
> — *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.*, 453 F. App'x 439, 442 (**5th Cir.** 2011)

By ignoring the **Verified** Motion for Summary Judgment in Equity, supported by a **Statement of Undisputed Material Facts** and unrebutted documentary proof, the Court **violated Rule 56** and denied Plaintiff's procedural and constitutional rights.

# 2. Equity Controls — Not Judicial Whim

Page 8 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

> "The judiciary, when properly invoked under equity, has no discretion to ignore verified facts or to protect fraudulent parties from default."
> — *Payne v. Jones*, 444 F.2d 147, 148 (**5th Cir.** 1971)

> "Equity jurisdiction is not a matter of grace — it exists to redress injuries when legal remedies are inadequate or corrupted."
> — *United States v. Winans*, 198 U.S. 371, 382 (1905)

Equity demands adjudication on the **substance of the injury**, not procedural gymnastics. The Court's refusal to engage the equity record — supported by verified affidavits, unrebutted proof of dishonor, and conditional acceptances — is an **abandonment of its constitutional and statutory duties.**

This is judicial evasion and obstruction — not adjudication.

### 3. Due Process Demands Rulings on Material Claims

> "Parties must be afforded notice and a meaningful opportunity to be heard. The refusal to rule on pending motions, particularly dispositive ones, is a denial of fundamental due process."
> — *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)

> "When a court refuses to consider pending motions without justification, it constitutes reversible error."
> — *McCoy v. Johnson Controls World Servs., Inc.*, 878 F. Supp. 229, 233 (S.D. Tex. 1995), aff'd, 90 F.3d 339 (**5th Cir.** 1996)

Plaintiff timely filed **all <u>verified</u>** motions. **Defendants dishonored them**. The Court, rather than ruling on any single <u>**verified**</u> motion, pretended they did not exist and then dismissed the case **on a fabricated narrative** of "failure to prosecute."

This is **textbook fraud upon the court** — an act of collusion with the Defendants to protect their commercial dishonor and bar Plaintiff from remedy in equity.

### 4. Ignoring Equity Pleadings Is Structural Error — Not Harmless Mistake

Date: July 29, 2025

> "Structural error affects the entire framework within which the trial proceeds and cannot be treated as harmless."
>
> — *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)

This Court engaged in **structural error** by refusing to rule on verified equity pleadings, failing to address jurisdiction, and colluding in procedural fraud. These acts have **irreparably tainted** the entire proceeding and mandate **vacatur** and **sanctions**.

## V. JUDGE XAVIER RODRIGUEZ ACTED ULTRA VIRES, IN BAD FAITH, AND UNDER COLOR OF LAW TO CONCEAL FRAUD AND RETALIATE AGAINST PLAINTIFF

Judge Xavier Rodriguez has willfully and maliciously violated his judicial oath and constitutional limits. His conduct is not protected by immunity, not a mere "judicial act," and not excused under any interpretation of due process or lawful adjudication.

This Court:

- **Ignored all unrebutted verified filings** and dispositive equity pleadings
- **Refused to rule** on Dkt. 9, Dkt. 16, Dkt. 17, Dkt. 18, and Dkt. 19—each of which was filed under verified penalty of perjury
- **Relied solely** on Defendants' unsworn, procedurally void motion to dismiss, riddled with factual errors and directly contradicted by the record (see Dkts. 7–8)
- **Conducted a hearing** that was formally objected to and protested via VERIFIED NON-CONSENT and DEMAND TO VACATE [Dkts. 19, 20]
- **Falsely claimed "failure to appear"** when the record plainly shows advance lawful notice of non-consent and challenge to jurisdiction
- **Issued a text-only order** without findings of fact, conclusions of law, or reference to any dispositive motions pending before the Court

Date: July 29, 2025

These acts constitute:

- **Fraud upon the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)
- **Ultra vires conduct** beyond any scope of lawful judicial authority
- **Retaliation for protected litigation activity**, actionable under *Ryland v. Shapiro*, 708 F.2d 967, 975 (**5th Cir.** 1983)
- **Bad faith acts under color of law**, removing all immunity protection: *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (acts taken in absence of jurisdiction are not judicial)
- **Deprivation of due process and access to courts**, violating *Chrissy F. v. Mississippi Dept. of Public Welfare*, 925 F.2d 844, 850 (**5th Cir.** 1991)

"When a judge acts in clear absence of all jurisdiction, and contrary to settled due process principles, they are not immune."
— *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)

"A judge is not absolutely immune for non-judicial acts, or acts done clearly without jurisdiction."
— *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005)

"A court cannot cloak its lawlessness behind its robe. When it acts outside of its lawful authority, its orders are nullities."
— *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994)

**Judge Rodriguez knowingly violated Rule 56, Rule 12(b)(1), Rule 5(b)(2)(E), and Rule 4(d), ignored every unrebutted fact, and tried to circumvent equity jurisdiction through procedural sabotage.**

This is **not a court of law** — it is the site of **deliberate judicial misconduct**, **procedural fraud**, and an **attack on protected rights** and <u>verified</u> filings made in *good faith*.

Page 11 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

His dismissal order is **void *ab initio*,** issued in **bad faith**, and **must** be **vacated immediately** for cause, with referral for judicial discipline.

## VI. VERIFIED RELIEF DEMANDED – VACATUR, EQUITY JUDGMENT, SANCTIONS, AND JUDICIAL MISCONDUCT REFERRAL

Plaintiff, Donna: Mortel, a living woman proceeding *sui juris*, under penalty of perjury and pursuant to **equity** and the Constitution, demands the following non-negotiable and immediate relief:

1. **IMMEDIATE VACATUR** of the July 29, 2025 void Text Order, entered without subject-matter jurisdiction, without adjudication of dispositive filings, and in material violation of Plaintiff's constitutional rights, due process, and the judicial oath, rendering it **void ab initio** under *Ex parte McCardle*, 74 U.S. 506 (1868), *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998), and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

2. **Full reinstatement of this action**, and mandatory ruling on all unrebutted, dispositive, and jurisdictionally superior filings, including:
    - VERIFIED MOTION FOR SUMMARY JUDGMENT IN EQUITY [Dkt. 17]
    - VERIFIED MOTION TO STRIKE DEFENDANTS' FRAUDULENT MOTION [Dkt. 9]
    - VERIFIED EMERGENCY MOTION TO VACATE VOID HEARING [Dkt. 16]
    - VERIFIED STATEMENT OF UNDISPUTED MATERIAL FACTS [Dkt. 18]
    - VERIFIED NOTICE OF NON-CONSENT TO APPEARANCE [Dkt. 19]

Date: July 29, 2025

- o   VERIFIED SUPPLEMENTAL NOTICE AND DEMAND TO VACATE HEARING [Dkt. 20]

3. **Immediate entry of equitable judgment** in favor of Plaintiff, based on unrebutted affidavits, commercial defaults, and the absence of any lawful or sworn rebuttal under *Fed. R. Civ. P. 56*, *United States v. Winans*, 198 U.S. 371 (1905), and *Grannis v. Ordean*, 234 U.S. 385 (1914).

4. **Rule 11 sanctions** imposed on Defendants' counsel for submitting false, unsworn, procedurally void papers in bad faith, in violation of *Fed. R. Civ. P. 11(b)(3)-(4)* and *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), as well as sanctions under the Court's inherent equity power.

5. **Referral of Judge Xavier Rodriguez** to the Judicial Conduct and Disability Program under 28 U.S.C. § 351, for knowingly engaging in:
   - o   Acts beyond judicial authority
   - o   Willful refusal to rule on dispositive equity pleadings
   - o   Abuse of Rule 12 and 41(b) to conceal jurisdictional fraud
   - o   Retaliation for verified filings and lawful non-appearance under protest
   - o   Obstruction of justice and aiding fraud upon the Court

6. **Notice of 24-Hour Window for Redress**:

   The Court is hereby given **twenty-four (24) hours from receipt of this VERIFIED MOTION AND DEMAND** to vacate the July 29, 2025 void order and restore this case to its lawful posture for adjudication on the verified unrebutted record in equity.

   Failure to act or respond in writing **within 24 hours** shall constitute **further dishonor**, tacit consent, and constructive fraud on the court, and will trigger the immediate filing of an **EMERGENCY VERIFIED PETITION FOR WRIT OF MANDAMUS** in the United States Court of

Date: July 29, 2025

Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1651 and controlling **Fifth Circuit** *precedent*, for:

- Judicial disqualification and supervisory correction
- Vacatur of ultra vires orders
- Enforcement of unrebutted equity pleadings
- Emergency injunctive relief against continued harm

As this Court has already received multiple formal notices of dishonor, verified jurisdictional objections, and unrebutted filings, no further delay is warranted, and all equitable rights and remedies are expressly reserved pursuant to UCC § 1-308, FRCP 56, and common law equity doctrine.

**This Court is now at a constitutional crossroads**: Will it correct its fraud and misconduct — or continue acting as an unaccountable corporate fiction violating oath, equity, and fundamental rights?

The record is unrebutted. The Court's silence will be construed as dishonor and tacit admission of all allegations herein.

**The Plaintiff/Injured Party demands remedy — not obstruction. Equity demands it. The Constitution requires it. The People are watching.**

//
//
//
//
//
//
//
//
//
//

Page 14 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Donna: Mortel, am over the age of 18, competent to testify, and have firsthand and personal knowledge of the facts stated herein, do hereby **declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and complete**, and made in **good faith**.

Executed, signed, and sealed this 29th day of July in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _____

Donna: Mortel, *Real Party In Interest,*
*Plaintiff, Secured Party, Injured Party*

//
//
//
//
//
//
//
//
//
//
//
//
//
//

Date: July 29, 2025

# LIST OF EXHIBITS / EVIDENCE:

1. **Exhibit A:** VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

2. **Exhibit B:** True Bill #070925-TX509 from Exhibit A

3. **Exhibit C:** VERIFIED AFFIDAVIT REBUTTING FRAUDULENT CLAIMS AND NOTICE OF RETALIATION, BAD FAITH, DISHONOR, AND DEFAULT

4. **Exhibit D:** VERIFIED NOTICE OF DEFAULT AND DISHONOR, AND VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

5. **Exhibit E:** Lease Contract Agreement

6. **Exhibit F:** Verified email communications between Plaintiff and Defendants, evidencing Defendants' bad faith, acknowledgment of serious habitability defects, refusal to engage in resolution, and retaliatory statements including "you can just leave" despite full payment and no offer of reimbursement or remedy. These statements reflect willful dishonor, breach of duty, and intent to intimidate.

7. **Exhibit G**: Photographic documentation and corroborating email communications concerning **unsanitary, visibly stained, and uncleaned toilet seats present upon move-in**, constituting a clear breach of implied habitability and basic hygiene standards under Texas law.

8. **Exhibit H**: High-resolution photographic evidence and related correspondence

Date: July 29, 2025

demonstrating **filthy, dust-covered windows** with buildup indicative of **months—if not years—of neglect**, contradicting Defendants' representations that the property was "move-in ready" and reinforcing the claim of material misrepresentation and fraudulent inducement.

9. **Exhibit I:** – Defendants' Retaliatory Legal Response to Plaintiff's Verified Affidavit and Demand for Remedy (Dated July 14, 2025)

10. **Exhibit J:** Copy of Email Sent on July 15, 2025, Confirming Service of Verified Complaint, Verified Motion for TRO, Verified Affidavit, Summons, and Exhibits

11. **Exhibit K:** The unsigned, unauthorized, and patently retaliatory document titled "NOTICE TO VACATE" was unlawfully affixed to the front door of Plaintiff's/Injured Party's leased premises at 509 Chapel Bend, New Braunfels, Texas

12. **Exhibit L – BROKEN AND UNSAFE DRAWER**

    Photographic evidence of a detached and unstable drawer which collapsed and **caused physical injury**. This condition demonstrates lack of basic maintenance and poses an ongoing safety risk.

13. **Exhibit M – INJURY FROM BROKEN DRAWER**

    Clear photos of Plaintiff's injury sustained as a **direct result of the collapsing drawer** shown in Exhibit L. Establishes personal harm due to landlord's negligence.

14. **Exhibit N – HOLES ALL OVER THE WALLS**

    Multiple images of **exposed wall damage**, including large holes throughout the premises, evidencing neglect and failure to repair pre-existing damage.

15. **Exhibit O – HOOK DETACHED FROM WALL**

    Photograph of a wall-mounted hook which has **detached completely**, showing further deterioration of fixtures and general disrepair.

Page 17 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

16. **Exhibit P – SINK IS DISGUSTING**

    Visuals of a **severely unhygienic sink** area, stained and improperly maintained, presenting sanitation concerns.

17. **Exhibit Q – ENTIRE UNIT FILTHY AND COVERED IN DIRT**

    Extensive documentation of the **filthy condition of the home**, requiring deep cleaning by the tenant just to make it habitable.

18. **Exhibit R – BULBS OUT**

    Evidence of **multiple lightbulbs missing or nonfunctional**, creating poor lighting and unsafe living conditions.

19. **Exhibit S – SINK WON'T DRAIN / STOPPER BROKEN**

    Photos depicting a **malfunctioning sink** that fails to drain properly, with a broken stopper and water accumulation.

20. **Exhibit T – UNSTABLE AND COLLAPSING FENCE**

    Images of an **unstable fence in severe disrepair**, increasing the risk of injury or trespass and rendering the premises insecure.

21. **Exhibit U – CLOSET DOOR INOPERABLE – WON'T CLOSE**

    Photographic evidence showing that the **closet door does not close at all**, impairing functional use of the space and demonstrating unacceptable construction defects.

22. **Exhibit V – PEST INFESTATION – ROACHES AND INSECTS THROUGHOUT HOUSE**

    Multiple graphic photos of **roach and bug infestations**, including bugs in the bathtub and throughout the premises, confirming uninhabitable conditions and health risks.

23. **Exhibit W:** VERIFIED NOTICE OF DEFAULT AND DISHONOR anD OPPORTUNITY TO CURE, AND VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM

Page 18 of 20

VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS

Date: July 29, 2025

FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

24. **Exhibit X:** <u>VERIFIED</u> NOTICE OF FORCED VACATE UNDER DURESS, COERCION, RETALIATION, AND THREAT TO SAFETY AND WELL-BEING, AND NOTICE OF UCC LIEN ENFORCEMENT AND FINAL *<u>GOOD FAITH</u>* SETTLEMENT OFFER TO CURE AND MITIGATE LIABILITY

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Date: July 29, 2025

# PROOF OF SERVICE

STATE OF TEXAS            )
                          )   ss.
COUNTY OF COMAL           )

I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is **care of:** 1308 East Common Street suite #205, New Braunfels, Texas [78130].  On or about **July 29, 2025**, I served the within documents:

1. **VERIFIED MOTION AND DEMAND TO VACATE *VOID AB INITIO* ORDER FOR JURISDICTIONAL FRAUD, PROCEDURAL MALFEASANCE, EQUITY OBSTRUCTION, AND JUDICIAL COLLUSION WITH UNSWORN DEFENSE MISREPRESENTATIONS**

**By Electronic Service.**  Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

> **Scott McClung**
> 5387 King Estates Court
> San Jose, California 95135
> scott_mcclung1@outlook.com
>
> **George Nowicki**
> 5387 King Estates Court
> San Jose, California 95135
> george@nowicki.net
>
> **Carin D. Groh**
> 950 Echo Lane, Ste 200
> Houston, TX 77024
> cgroh@silblawfirm.com

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.  Executed on **July 29, 2025** in Comal County, Texas.

_____*/s/Chris Yarbra/*_____
Chris Yarbra