Date: July 29, 2025

**FILED**
July 29, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____vl_____
DEPUTY

**Donna: Mortel**
**Care of:** 1308 East Common Street suite #205
New Braunfels, Texas [78130]
*non-domestic without* the United States
Email: donnamortel8560@gmail.com

*Plaintiff, Real Party In Interest, Secured Party, Injured Party*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Donna: Mortel,** *Plaintiff/Injured Party,* vs. **George Nowicki, Scott McClung**, *Defendants.* | Case No. 5:25-cv-00817-XR<br><br>**VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION**<br><br>(SPECIAL LIMITED APPEARANCE — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED) |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

This matter is brought in **equity**, under the original and exclusive jurisdiction of this Court as authorized by the Constitution of the United States, Article III, Section 2. All statutory jurisdiction is expressly denied and rebutted. This is a Court of Record. All rights are reserved without prejudice pursuant to UCC 1-308.

**COMES NOW** Donna: Mortel, in her full private capacity as an American woman and **Plaintiff, Real Party in Interest**, and **Injured Party**, proceeding *sui juris,* **in propria persona**, in full proper and private capacity, and **not pro se,** by *Special Limited Appearance* **only,** not as a corporate entity, surety, vessel, trust,

Page 1 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

transmitting utility, "resident," or U.S. citizen under the 14th Amendment. No joinder, merger, or assumption of liability is acknowledged, and all agency is denied unless explicitly granted.

Plaintiff, Real Party in Interest, and Injured Party, and respectfully moves this Court pursuant to Fed. R. Civ. P. 60(b)(4) for IMMEDIATE VACATUR of the FINAL JUDGMENT [Dkt. 21] entered July 29, 2025, which is **VOID** *ab initio* due to multiple fatal defects, including:

- Lack of subject-matter adjudication;
- Misrepresentation of the record;
- Denial of equity jurisdiction;
- Fraud upon the court;
- Improper dismissal under Rule 41(b);
- And procedurally defective application of Rule 12(b)(5).

This motion **and demand** is brought in the interests of justice, jurisdictional integrity, and to expose collusion between the bench and counsel operating in bad faith and in violation of their oaths.

## I. FINAL JUDGMENT IS VOID FOR FAILURE TO ADJUDICATE SUBJECT-MATTER JURISDICTION

**(Fed. R. Civ. P. 12(b)(1); Rule 60(b)(4); Fifth Circuit Precedent)**

The Court's July 29, 2025 Minute Order [Dkt. 21] expressly **refused to adjudicate subject-matter jurisdiction**, stating that the 12(b)(1) motion was "DENIED AS MOOT." This constitutes a **fatal jurisdictional defect**, as **a federal court cannot proceed without first affirmatively determining jurisdiction exists.**

> "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing

Page 2 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

the cause."

— *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)

The Fifth Circuit has made clear that **a court must address jurisdiction sua sponte** if not already adjudicated, and a failure to do so nullifies any judgment issued:

"Federal courts must determine whether they have jurisdiction before proceeding to the merits."

— *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (**5th Cir.** 1998)

"It is axiomatic that the federal courts must be certain of their jurisdiction before addressing the merits of any case."

— *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (**5th Cir.** 2014)

Here, the Court improperly evaded its duty by declaring the 12(b)(1) motion moot rather than adjudicating it. But mootness of jurisdiction is a **logical absurdity**—if jurisdiction does not exist, **nothing else can be ruled upon.** There is no discretion to "skip" jurisdiction and proceed to judgment.

"If the record discloses that the lower court was without jurisdiction, its judgment must be reversed."

— *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804)

"When a district court lacks subject-matter jurisdiction, its judgment is void and must be set aside."

— *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (**5th Cir.** 1999)

"A judgment is void only if the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process."

— *Carter v. Fenner*, 136 F.3d 1000, 1005 (**5th Cir.** 1998)

Once subject-matter jurisdiction is challenged, the court must hold an evidentiary hearing or issue written findings establishing its jurisdiction. **The Court here did neither.** Instead, it evaded its duty and proceeded to enter final

Page 3 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

judgment **in the absence of lawful authority**—a textbook definition of a void act.

The **Supreme Court** and **Fifth Circuit** leave no ambiguity: **any order issued without jurisdiction is null and void from inception.** The refusal to adjudicate jurisdiction under Rule 12(b)(1) **divested this Court of lawful power** to enter judgment or take any further action beyond dismissing the case outright for lack of jurisdiction.

Accordingly, the July 29, 2025 Final Judgment is **void ab initio** under Rule 60(b)(4) and must be **vacated immediately** as a matter of non-discretionary legal duty.

## II. DISMISSAL UNDER RULE 12(b)(5) WAS FRAUDULENT, FACTUALLY DEFECTIVE, AND CONSTITUTIONALLY VOID FOR INTERFERING WITH A PRIVATE CONTRACT

The Court's dismissal under **Rule 12(b)(5)** for alleged insufficient service is **materially false**, **juridically fraudulent**, and **factually contradicted by the record**.

### A. Defendants Received Service, Had Actual Notice, and Consented to Substituted Service

Plaintiff filed **unrebutted verified affidavits** and documented **proof of substituted service** by express agreement of the parties. [See Dkt. 8]. Defendants failed to rebut those affidavits with any sworn declaration, which is **tacit admission** under federal and commercial law.

Even Defendants' own filings **confirm receipt** of the complaint and summons via email and other delivery methods. [See Dkt. 6, attached exhibits].

> "A party may waive service objections by failing to raise them or by voluntarily accepting alternative service."
> 
> — *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (**5th Cir.** 1997)

Page 4 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

The Fifth Circuit has made clear: **Actual notice, coupled with consent to alternate service, defeats any 12(b)(5) objection.** Where a party consents—explicitly or tacitly—and fails to rebut sworn affidavits, **no dismissal is warranted**.

> "Defendant's admission of receipt of the complaint and failure to challenge the method of service timely constitutes waiver."
>
> — *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470–71 (**5th Cir.** 2006)

Thus, the Court's acceptance of Defendants' baseless 12(b)(5) claim—**while ignoring unrebutted affidavits and Defendants' own admissions**—constitutes **procedural fraud, willful blindness, and collusion with bad-faith actors.**

### B. Article I, Section 10 of the U.S. Constitution Prohibits States From Interfering With Private Contracts

The Court's ruling not only violated due process, but directly infringed upon the **Contract Clause** of the United States Constitution:

> "No State shall… pass any… Law impairing the Obligation of Contracts."
>
> — *U.S. Const. art. I, § 10*

Here, the parties entered into **a valid substituted service agreement**, supported by affidavit and evidenced by silence and performance. The Court's interference in this private agreement—by retroactively nullifying it in favor of defendants' baseless objection—is a **direct violation of the Constitution**.

No federal court has authority to disregard a valid agreement between private parties unless it is proven to be unconscionable or unlawful. **Neither applies here.**

### C. The Dismissal Was Fraudulent, Retaliatory, and Constitutionally Void

This Court had a **legal duty to take judicial notice** of Plaintiff's unrebutted affidavits, actual service evidence, and Defendants' documented receipt and consent. Instead, it pretended these facts did not exist.

Page 5 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

**That is fraud:**

> "Fraud on the court is conduct that harms the integrity of the judicial process itself... such as fabrication of evidence or knowing misrepresentation of facts by the court or parties."
>
> — *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (**5th Cir.** 1989)

The Court's failure to acknowledge actual notice, affidavit-confirmed substituted service, and constitutional protections is not judicial error—it is **judicial misconduct** and a **structural due process violation**.

Any judgment built on such fraud and willful suppression of fact is **void ab initio** and must be vacated immediately under **Fed. R. Civ. P. 60(b)(4).**

## III. RULE 41(b) DISMISSAL FOR "FAILURE TO PROSECUTE" IS FRAUDULENT, UNSUPPORTED, AND CONSTITUTIONALLY VOID

The Court's dismissal under **Rule 41(b)** for "failure to prosecute" is **objectively false, legally unsustainable, and facially fraudulent**.

### A. The Record Irrefutably Proves Active, Diligent Prosecution

Plaintiff filed **numerous verified pleadings**, dispositive motions, and affidavits demonstrating continual and timely prosecution, including but not limited to:

- VERIFIED MOTION FOR SUMMARY JUDGMENT [Dkt. 17]
- VERIFIED MOTION TO STRIKE DEFENDANT'S MOTION [Dkt. 9]
- VERIFIED OBJECTION TO STATUS CONFERENCE [Dkt. 20]
- VERIFIED NOTICE OF NON-CONSENT TO JURISDICTION [Dkt. 19]
- MULTIPLE VERIFIED AFFIDAVITS, NOTICES, AND EXHIBITS [Dkts. 7–18]

These filings conclusively destroy any pretense of inaction. The **record itself** disproves the Court's claim of "failure to prosecute."

Page 6 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

> "Dismissal under Rule 41(b) is appropriate only where there is a clear record of delay or contumacious conduct by the plaintiff."
>
> — *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (**5th Cir.** 1992)
>
> "Rule 41(b) dismissals are only proper where lesser sanctions would not serve the interests of justice and deterrence."
>
> — *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417–18 (**5th Cir.** 2006)

No such record exists. **There is no delay, no failure, no disobedience—only judicial misrepresentation.** To fabricate such a basis for dismissal constitutes **constructive fraud on the record** and **gross abuse of discretion.**

## B. Rule 41(b) Dismissals Require a Prior Warning or Explicit Notice

The Fifth Circuit is clear: **Dismissal under Rule 41(b) must be preceded by notice and opportunity to cure.**

> "A Rule 41(b) dismissal is improper where the district court fails to provide clear notice that dismissal is imminent and fails to consider lesser sanctions."
>
> — *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (**5th Cir.** 1978)

Here, the Plaintiff was **never warned**, never issued a show-cause order, and was actively litigating on the record. There was **no procedural default**. The dismissal was **not judicial discretion—it was retaliation** for asserting equity jurisdiction, objecting to an unlawful hearing, and refusing to waive fundamental rights.

## C. Dismissal in Retaliation for Equity Objections and Due Process Assertions Is Unconstitutional

Plaintiff lawfully objected to jurisdiction [Dkt. 19], challenged ultra vires hearings [Dkt. 20], and demanded adjudication of unrebutted facts and verified motions. The record was ripe for summary judgment.

Page 7 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

To then fabricate a "failure to prosecute" is **not merely legal error—it is a knowing deprivation of rights**, and constitutes a structural due process violation under the Fifth and Fourteenth Amendments.

> "An order entered without proper process, notice, or opportunity to be heard violates the most basic notions of due process and is void."
> — *United States v. Reyna*, 202 F.3d 731, 732 (**5th Cir.**. 2000)
>
> "If a party diligently pursues a claim, Rule 41(b) may not be used to eliminate that claim simply because the court disfavors the plaintiff's position."
> — *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (**5th Cir.** 1988)

Here, the Court failed to adjudicate the verified motions and instead punished the Plaintiff for demanding constitutional, equitable, and contract-based relief. That is not law—it is obstruction of justice under color of law.

## IV. THE COURT COMMITTED EQUITY OBSTRUCTION AND DUE PROCESS VIOLATIONS UNDER COLOR OF FRAUD

The Court's refusal to adjudicate Plaintiff's **Verified Motion for Summary Judgment [Dkt. 17]**, **Verified Commercial Affidavits [Dkts. 8, 14]**, and **unrebutted Exhibits and Notices [Dkt. 18]** constitutes **a willful obstruction of equity** and a **non-discretionary due process violation**. These filings established:

- Defendants' **default and dishonor**;
- Unrebutted **material facts** under oath;
- Verified acceptance, presentment, and constructive notice under equity, contract, and commercial law.

Under **Federal Rule of Civil Procedure 56(c)**, summary judgment is mandatory when the record shows **"no genuine dispute as to any material fact"** and the moving party is entitled to judgment as a matter of law. The filings met this standard in full.

Page 8 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

Instead, the Court chose to **ignore the dispositive record** and fabricate a dismissal under **Rule 41(b)** — a statute that has no application to parties who actively prosecute their case through verified pleadings.

This was **not judicial discretion** — it was **judicial obstruction**.

## A. Equity Jurisdiction Demands Full Adjudication on the Verified Record

The Fifth Circuit has unequivocally held that **verified pleadings and unrebutted affidavits must be adjudicated** on the record and cannot be ignored.

> "Once evidence is submitted and unrebutted, the court has no discretion to dismiss without ruling on the facts."
> — *Carter v. Fenner*, 136 F.3d 1000, 1005 (**5th Cir.** 1998)

> "When the factual content is unchallenged, summary judgment is not optional—it is required."
> — *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

Here, the Court unlawfully bypassed all verified content and **refused to rule** on any dispositive motions. This is not adjudication. It is **procedural sabotage**, designed to protect fraud and suppress commercial truth.

## B. The Right to Be Heard Cannot Be Evaded by Administrative Gamesmanship

The **Supreme Court** is clear: **due process means nothing if the Court refuses to hear a party who properly invokes its jurisdiction.**

> "The right to be heard before being condemned to suffer grievous loss… is a principle basic to our society."
> — *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 168 (1951)

Page 9 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

> "The right to be heard must be protected against arbitrary denial."
> — *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972)

There is no ambiguity here. The Court **refused to hear** verified claims. It pretended the record did not exist. It fabricated procedural pretexts. It obstructed adjudication of a verified motion supported by unrebutted evidence. That is a **textbook violation of due process** and **judicial duty**.

## C. Fraud Upon the Court Is Not Protected by Discretion

By concealing the dispositive record and fabricating false grounds for dismissal, this Court committed **fraud upon the court** under controlling law:

> "Fraud upon the court is not a matter of discretion; it renders all orders void."
> — *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (**5th Cir.** 1978)

> "A decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."
> — *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1166 (D.N.M. 2012), citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

The Court's refusal to adjudicate dispositive, verified filings—while knowingly citing false service objections that Defendants themselves waived—exceeds mere error. It is **a judicial conspiracy to shield fraud** and evade lawful remedy.

## D. Equity Never Compels a Wrong

> "Equity suffers not a right without a remedy, nor permits a wrong without redress."
> — *Pomeroy's Equity Jurisprudence*, § 424
> — *Armstrong v. Armstrong*, 508 S.W.2d 348 (Tex. Civ. App. 1974)

Page 10 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

The Court's actions violate every tenet of equity. By refusing to adjudicate unrebutted claims while dismissing under false pretenses, this Court has **openly joined a scheme of civil fraud** and must be held to account under **Rule 60(b)(4)** and **the inherent authority of this Court to vacate void judgments**.

## V. FINAL JUDGMENT IS VOID UNDER RULE 60(b)(4) — JURISDICTION EVADED, DUE PROCESS IGNORED, FRAUD PERPETRATED

The Final Judgment [Dkt. 21] is **void ab initio** and must be vacated immediately under **Federal Rule of Civil Procedure 60(b)(4)**. The record indisputably establishes that:

- The Court **affirmatively refused to adjudicate subject-matter jurisdiction**, declaring it "MOOT" in violation of **Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998)**, which held jurisdiction must be decided before reaching merits;

- The Court relied on a **fabricated Rule 12(b)(5)** objection, despite **verified affidavits and Defendants' own documentation proving service** and express agreement to substitute service [Dkt. 8], in defiance of **Peterson v. BMI Refractories, 124 F.3d 1386, 1391 (5th Cir. 1997)**;

- The Court invoked **Rule 41(b) "failure to prosecute"** after no fewer than **ten (10) verified filings**, including a **pending Verified Motion for Summary Judgment [Dkt. 17]**, making the dismissal **objectively fraudulent and retaliatory**, in violation of **Berry v. CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)**;

- Verified affidavits, unrebutted facts, and commercial default were all **intentionally ignored**, denying Plaintiff the most basic protections of

Date: July 29, 2025

- **due process** and the right to be heard, in violation of **Fuentes v. Shevin, 407 U.S. 67, 80–81 (1972)**;
- These acts constitute **fraud upon the court**, judicial misconduct, and obstruction of equitable relief, and fall squarely within the standard articulated in **Rozier v. Ford Motor Co., 573 F.2d 1332, 1337 (5th Cir. 1978)** and **Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238 (1944)**.

The Fifth Circuit has held:

> "When a judgment is void under Rule 60(b)(4), the district court has no discretion; it must set the judgment aside."
> — *Callon Petroleum Co. v. Frontier Ins. Co.,* **351 F.3d 204, 208 (5th Cir. 2003)**

A void judgment is not merely erroneous — it is **non-existent in law**, a **nullity from the outset**, and **must be vacated as a matter of mandatory duty**, not discretion. Any further enforcement of such a judgment constitutes knowing fraud, ultra vires abuse of authority, and denial of due process.

> "Void judgments are those rendered by a court which lacked jurisdiction or acted in a manner inconsistent with due process of law."
> — *Carter v. Fenner,* **136 F.3d 1000, 1005 (5th Cir. 1998)**

This Court had **no lawful authority** to issue a Final Judgment on a record infected by **jurisdictional fraud**, service **fabrication**, and **obstruction** of summary adjudication on unrebutted facts.

The Plaintiff's/Injured Party's equity claims were never adjudicated, and **no valid order** may rest on a foundation of fraud and due process violations. The judgment must be **immediately vacated** and all subsequent actions treated as **void, not voidable**.

Page 12 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

# VI. MANDAMUS NOTICE, NOTICE OF APPEAL, AND IMMEDIATE FEDERAL ESCALATION

If this Motion and Demand is not GRANTED within twenty-four (24) hours of filing and service, Plaintiff will immediately file the following federal actions without further notice:

1. **NOTICE OF APPEAL** to the United States Court of Appeals for the Fifth Circuit, based on:
    - Entry of a **Final Judgment that is VOID** for failure to adjudicate jurisdiction, defective reliance on Rule 12(b)(5), fabricated Rule 41(b) dismissal, and suppression of unrebutted evidence and verified filings;
    - Clear denial of due process and obstruction of adjudication of verified claims and affidavits on the record, in violation of Plaintiff's constitutional rights;
    - Fifth Circuit and Supreme Court precedent establishing that **void judgments must be vacated as a matter of law** and are subject to direct appellate reversal.

2. **EMERGENCY PETITION FOR WRIT OF MANDAMUS** to the Fifth Circuit, to compel this Court's **mandatory non-discretionary duty** under Rule 60(b)(4) to vacate a void judgment entered without jurisdiction or due process.

"Mandamus is appropriate when the trial court has refused to exercise its jurisdiction, or when its action is a usurpation of judicial power."
— *In re Lloyd's Register North America, Inc.*, 780 F.3d 283, 290 (5th Cir. 2015)

3. **FEDERAL CIVIL RIGHTS AND RICO ACTION** under:
    - **42 U.S.C. § 1983** (deprivation of rights under color of law),
    - **18 U.S.C. § 1962** (racketeering and collusion),

Page 13 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

- To be filed in the **U.S. District Court for the District of Columbia**, with demands for:
    - Permanent injunctive relief,
    - Declaratory judgment that the Final Judgment is void ab initio,
    - Compensatory and punitive damages against **Judge Xavier Rodriguez** and all named complicit officials for:
        - Fraud on the court,
        - Obstruction of equity jurisdiction,
        - Collusion with defense counsel,
        - Willful suppression of verified filings,
        - And judicial acts in excess of lawful authority.

**The record is unrebutted. The jurisdictional violations are facial and terminal. Continued obstruction, delay, or refusal to vacate a void judgment will be construed as deliberate fraud and malfeasance.**
**All rights expressly reserved.**

## VII. RELIEF DEMANDED — VACATUR, SANCTIONS, AND FEDERAL ESCALATION

**WHEREFORE,** the Plaintiff, proceeding under verified authority, hereby demands the following non-discretionary relief:

1. **IMMEDIATE VACATUR** of the July 29, 2025 "Final Judgment" [Dkt. 21] as **VOID ab initio** under **Federal Rule of Civil Procedure 60(b)(4)** and **controlling Fifth Circuit precedent**, including *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003);

2. **Full reinstatement** of this case on the **active civil docket**, nunc pro tunc, with preservation of all rights, pleadings, and pending motions;

Date: July 29, 2025

3. **Immediate adjudication** of Plaintiff's **VERIFIED MOTION FOR SUMMARY JUDGMENT [Dkt. 17]**, which stands **unrebutted in fact and law**, and is legally required to be ruled upon before any dismissal;

4. **Formal sanctions** against all attorneys and officers responsible for filing, endorsing, or facilitating procedurally defective and knowingly false claims, pursuant to **Federal Rule of Civil Procedure 11** and **28 U.S.C. § 1927**;

5. **Referral for judicial misconduct** under **28 U.S.C. § 351**, against Judge Xavier Rodriguez for knowingly acting **ultra vires**, obstructing jurisdictional adjudication, suppressing verified pleadings, and issuing a **void judgment** on procedurally fabricated grounds.

//
//
//

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, <u>Donna: Mortel</u>, am over the age of 18, competent to testify, and have firsthand and personal knowledge of the facts stated herein, do hereby **declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and complete**, and made in **good faith**.

Executed, signed, and sealed this <u>29th</u> day of <u>July</u> in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

By: _Donna Ma[signature]_____

Donna: Mortel, *Real Party In Interest,*
*Plaintiff, Secured Party, Injured Party*

Date: July 29, 2025

# LIST OF EXHIBITS / EVIDENCE:

1. **Exhibit A:** VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

2. **Exhibit B:** True Bill #070925-TX509 from Exhibit A

3. **Exhibit C:** VERIFIED AFFIDAVIT REBUTTING FRAUDULENT CLAIMS AND NOTICE OF RETALIATION, BAD FAITH, DISHONOR, AND DEFAULT

4. **Exhibit D:** VERIFIED NOTICE OF DEFAULT AND DISHONOR, AND VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

5. **Exhibit E:** Lease Contract Agreement

6. **Exhibit F:** Verified email communications between Plaintiff and Defendants, evidencing Defendants' bad faith, acknowledgment of serious habitability defects, refusal to engage in resolution, and retaliatory statements including "you can just leave" despite full payment and no offer of reimbursement or remedy. These statements reflect willful dishonor, breach of duty, and intent to intimidate.

7. **Exhibit G**: Photographic documentation and corroborating email communications concerning **unsanitary, visibly stained, and uncleaned toilet seats present upon move-in**, constituting a clear breach of implied habitability and basic hygiene standards under Texas law.

8. **Exhibit H**: High-resolution photographic evidence and related correspondence

Page 16 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

demonstrating **filthy, dust-covered windows** with buildup indicative of **months — if not years — of neglect**, contradicting Defendants' representations that the property was "move-in ready" and reinforcing the claim of material misrepresentation and fraudulent inducement.

9. **Exhibit I:** – Defendants' Retaliatory Legal Response to Plaintiff's Verified Affidavit and Demand for Remedy (Dated July 14, 2025)

10. **Exhibit J:** Copy of Email Sent on July 15, 2025, Confirming Service of Verified Complaint, Verified Motion for TRO, Verified Affidavit, Summons, and Exhibits

11. **Exhibit K:** The unsigned, unauthorized, and patently retaliatory document titled "NOTICE TO VACATE" was unlawfully affixed to the front door of Plaintiff's/Injured Party's leased premises at 509 Chapel Bend, New Braunfels, Texas

12. **Exhibit L – BROKEN AND UNSAFE DRAWER**

    Photographic evidence of a detached and unstable drawer which collapsed and **caused physical injury**. This condition demonstrates lack of basic maintenance and poses an ongoing safety risk.

13. **Exhibit M – INJURY FROM BROKEN DRAWER**

    Clear photos of Plaintiff's injury sustained as a **direct result of the collapsing drawer** shown in Exhibit L. Establishes personal harm due to landlord's negligence.

14. **Exhibit N – HOLES ALL OVER THE WALLS**

    Multiple images of **exposed wall damage**, including large holes throughout the premises, evidencing neglect and failure to repair pre-existing damage.

15. **Exhibit O – HOOK DETACHED FROM WALL**

    Photograph of a wall-mounted hook which has **detached completely**, showing further deterioration of fixtures and general disrepair.

Page 17 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

16. **Exhibit P – SINK IS DISGUSTING**

    Visuals of a **severely unhygienic sink** area, stained and improperly maintained, presenting sanitation concerns.

17. **Exhibit Q – ENTIRE UNIT FILTHY AND COVERED IN DIRT**

    Extensive documentation of the **filthy condition of the home**, requiring deep cleaning by the tenant just to make it habitable.

18. **Exhibit R – BULBS OUT**

    Evidence of **multiple lightbulbs missing or nonfunctional**, creating poor lighting and unsafe living conditions.

19. **Exhibit S – SINK WON'T DRAIN / STOPPER BROKEN**

    Photos depicting a **malfunctioning sink** that fails to drain properly, with a broken stopper and water accumulation.

20. **Exhibit T – UNSTABLE AND COLLAPSING FENCE**

    Images of an **unstable fence in severe disrepair**, increasing the risk of injury or trespass and rendering the premises insecure.

21. **Exhibit U – CLOSET DOOR INOPERABLE – WON'T CLOSE**

    Photographic evidence showing that the **closet door does not close at all**, impairing functional use of the space and demonstrating unacceptable construction defects.

22. **Exhibit V – PEST INFESTATION – ROACHES AND INSECTS THROUGHOUT HOUSE**

    Multiple graphic photos of **roach and bug infestations**, including bugs in the bathtub and throughout the premises, confirming uninhabitable conditions and health risks.

23. **Exhibit W:** VERIFIED NOTICE OF DEFAULT AND DISHONOR anD OPPORTUNITY TO CURE, AND VERIFIED AFFIDAVIT OF FACTS, COMMERCIAL INJURY, CONTRACT BREACH, AND FORMAL CLAIM

Page 18 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

FOR DAMAGES ARISING FROM HABITABILITY VIOLATIONS, PERSONAL HARM, AND DEMAND FOR REMEDY, EQUITABLE COMPENSATION, AND LAWFUL SETTLEMENT OFFER

24. **Exhibit X:** VERIFIED NOTICE OF FORCED VACATE UNDER DURESS, COERCION, RETALIATION, AND THREAT TO SAFETY AND WELL-BEING, AND NOTICE OF UCC LIEN ENFORCEMENT AND FINAL *GOOD FAITH* SETTLEMENT OFFER TO CURE AND MITIGATE LIABILITY

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Page 19 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION

Date: July 29, 2025

# PROOF OF SERVICE

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) ss. |
| COUNTY OF COMAL | ) |

I competent, over the age of eighteen years, and not a party to the within action. My mailing address is **care of:** 1308 East Common Street suite #205, New Braunfels, Texas [78130]. On or about **July 29, 2025**, I served the within documents:

1. **VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION**

**By Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

**Scott McClung**
5387 King Estates Court
San Jose, California 95135
scott_mcclung1@outlook.com

**George Nowicki**
5387 King Estates Court
San Jose, California 95135
george@nowicki.net

**Carin D. Groh**
950 Echo Lane, Ste 200
Houston, TX 77024
cgroh@silblawfirm.com

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. Executed on **July 29, 2025** in Comal County, Texas.

                    ____*/s/Chris Yarbra/*____
                       Chris Yarbra

Page 20 of 20

VERIFIED MOTION AND DEMAND TO VACATE VOID *AB INITIO* FINAL JUDGMENT FOR FRAUD ON THE COURT, JURISDICTIONAL NULLITY, EQUITY OBSTRUCTION, COLLUSION WITH DEFENSE COUNSEL, AND VIOLATIONS OF FEDERAL RULES, DUE PROCESS, AND THE CONSTITUTION