**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DONNA MORTEL, | § | |
| *Plaintiff* | § | |
| | § | SA-25-CV-00817-XR |
| -vs- | § | |
| | § | |
| GEORGE NOWICKI, SCOTT | § | |
| MCCLUNG, | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiff's "Verified Motion[s] and Demand[s]." ECF Nos. 23, 24. After careful consideration, Plaintiff's motions are **DENIED**.

## BACKGROUND

On July 29, 2025, the Court held a status conference and hearing on all pending motions, including Plaintiff's motion for a temporary restraining order (ECF No. 3) and Defendants' motion to dismiss for insufficient service and lack of subject matter jurisdiction (ECF No. 6).

Plaintiff was provided notice of this hearing, but refused to attend. *See* ECF No. 15 (Order Setting Status Conference and Hearing), ECF No. 19 ("Notice of Nonconsent to Jurisdiction and Non-Appearance"); ECF No. 20 ("Supplemental Notice and Demand to Vacate Void Hybrid Status Conference").

At the hearing, the Court granted Defendants' motion for insufficient service as Defendants were not served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure and dismissed the case for failure to prosecute and failure to comply with a court order under Federal Rule of Civil Procedure 41(b). The Court issued a text order memorializing this decision. *See* Text Order, July 29, 2025. And it entered a final judgment that same day, which dismissed the case without prejudice and denied as moot all other pending motions. ECF No. 21.

1

## ANALYSIS

Plaintiff seeks reconsideration of the Court's order and that the final judgment be vacated. Plaintiff's first "Verified Motion and Demand" does not purport to rely on a specific rule, but Plaintiff's second "Verified Motion and Demand" relies on Federal Rule of Civil Procedure 60(b)(4). Whether construed as a motion to amend the judgment under Rule 59(e) or to vacate the judgment as void under Rule 60(b)(4), Plaintiff fails to meet her burden and provides no valid reason to reconsider or vacate the Court's order.

Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). A judgment may be set aside under Rule 60(b)(4) if the court lacked subject matter or personal jurisdiction or if the court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

As stated in the Court's July 29, 2025 order and the hearing that Plaintiff refused to attend, Plaintiff failed to properly serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. To date, she presents no competent evidence to demonstrate compliance with Rule 4. Accordingly, Plaintiff presents no reason to vacate the Court's order granting Defendants' motion to dismiss for insufficient service.

Nor has Plaintiff provided any reason to reconsider its Rule 41(b) dismissal. This case was dismissed because Plaintiff made it plain that she refused to attend any hearings until the Court granted all the relief she has previously requested, and she refused to accept that the Court has jurisdiction over her claims—even though she filed her case in federal court.[1] This has not

---

[1] *See* ECF No. 19 at 2 (stating that "Plaintiff explicitly and unequivocally withholds consent to any and all statutory, administrative, or inferior tribunals purporting to operate outside the scope of Article III judicial power as

changed. *See* ECF No. 23 at 6 (continuing to argue that she was under "no valid or enforceable court order to appear at a hearing"). Plaintiff cannot "claim to be sovereign independent of governmental authority while [she] simultaneously ask[s] the judicial system to grant [her] recourse." *United States v. Finley*, No. 17-CV-29-SDD-EWD, 2022 WL 3702084, at *8 (M.D. La. Aug. 26, 2022) (quoting *Mack v. Sweet*, No. 4:17-CV-434-O-BP, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017)).

Further, with respect to Rule 60(b)(4), the Court clearly had jurisdiction to dismiss Plaintiff's action for insufficient service and for failure to prosecute and follow Court orders, even if Plaintiff disagrees with that decision. And Plaintiff received Defendants' motion, responded to it, and was provided notice of the status conference and hearing, which satisfies any due process concerns.

At base, Plaintiff's theories relating to, among other things, courts in equity and the Uniform Commercial Code have no bases in law and are meritless. These arguments "derive from the so-called 'sovereign citizen movement' and are legally frivolous." *Westfall v. Davis*, No. 7:18-CV-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *report and recommendation adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018). "These teachings have never worked in a court of law—not a single time." *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2023). Unsurprisingly, they do not work here.

The Court further observes that Plaintiff's filings are *riddled* with hallucinated citations. While the Court does not sanction Plaintiff, it will **NOT ACCEPT** any further filings in this case, other than a Notice of Appeal should Plaintiff seek to pursue an appeal in the Fifth Circuit.

---

enumerated by the Constitution of the United States" and that "Plaintiff, Real Party in Interest, and Injured Party hereby issues this Verified Notice of Non-Appearance to unequivocally state for the record that no appearance shall be made at the unlawful and unauthorized "status conference" currently set for July 29, 2025, as such proceeding is void, procedurally defective, and constitutes an impermissible circumvention of equity.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's "Verified Motion[s] and Demand[s]" (ECF Nos. 23 and 24) are **DENIED**.

It is **FURTHER ORDERED** that any further filings in this case, other than a Notice of Appeal, will be **DENIED**.

It is so **ORDERED**

**SIGNED** this 30th day of July, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE